**In re: Arthur L. HAIRSTON, Sr., Petitioner.**

No. 05–5438.

United States Court of Appeals, Third Circuit.

Submitted Under Rule 21, Fed. R.App. P. Feb. 1, 2006.

Decided Feb. 16, 2006.

Arthur L. Hairston, Fort Dix, NJ, pro se.

Before RENDELL, AMBRO and GREENBERG, Circuit Judges.

OPINION

PER CURIAM

*Pro se* petitioner Arthur L. Hairston, Sr., seeks a writ of mandamus to compel the United States District Court for the District of New Jersey to take action on his civil rights complaint, which he alleges that he mailed to the District Court on April 20, 2005.

The writ of mandamus is an extraordinary remedy, which is justified only in the presence of exceptional circumstances. *Kerr v. United States District Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). In order to demonstrate the existence of exceptional circumstances, a petitioner must show that he has no other adequate means of obtaining relief and that he has a clear and indisputable right to issuance of the writ. *Id.* at 403, 96 S.Ct. 2119. In certain cases, mandamus provides an avenue for petitioners whose cases have been unduly delayed in the district court. *See Madden v. Myers*, 102 F.3d 74, 78 (3d Cir.1996); *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir.1990).

Hairston's complaint, a copy of which he attached to his mandamus petition, was submitted on a form used for filing habeas corpus petitions under 28 U.S.C. § 2241 and alleges a First Amendment violation related to the prison law library where Hairston is incarcerated. The District Court's records indicate that Hairston's complaint was docketed on January 25, 2006. (*Hairston v. Nash*, D.N.J. 06–cv–00358). It appears that the complaint was

initially placed in the record at D.N.J. Civ. No. 05–cv–2203, a habeas proceeding initiated by Hairston at about the same time he mailed his complaint. Given Hairston's use of a habeas form for submitting his complaint, the District Court's apparent administrative confusion is probably understandable. In any event, in light of the District Court's action in docketing the complaint, Hairston's petition for a writ of mandamus will be denied as moot.